JAMES N. CARPENTER
*vs.*
WASHINGTON & GEORGETOWN R. R. CO.

Law. No. 23,816.

{ Decided April 14, 1884.
{ The CHIEF JUSTICE and Justices COX and MAC ARTHUR sitting.

1. It is in the discretion of the court to refuse all instructions prayed for by either party, and to state the law in its own language.
2. On exceptions for error in a part of the charge to the jury, the court will look at the whole charge, and if it see that in the very next paragraph an apparent error is corrected, the exception will not be sustained.

THE CASE is stated in the opinion.

B. J. DARNEILLE and JOHN E. LATIMER for plaintiff.

ENOCH TOTTEN for defendant.

Mr. Justice COX delivered the opinion of the court.

The case of James N. Carpenter against the Washington and Georgetown Railroad Co. is an action for trespass by ejecting the plaintiff from the cars of the defendant. The case made by the plaintiff, in his evidence, was, that he entered one of the cars of the company on Seventh street, going south towards Pennsylvania avenue, and at the junction of Seventh street and the avenue he applied for a transfer ticket for the purpose of going down the avenue towards the Capitol. When he entered the avenue car, or shortly afterwards, he discovered that his ticket was a ticket for the Seventh street track, which he had just left, and upon presenting it to the conductor, the latter refused to acknowledge it, and required him to pay an additional fare, and upon his refusal to do so, he was violently forced out of the car. That is the trespass complained of.

For the defendant, the proof tended to show that the plaintiff, instead of getting off the Seventh street car, approached the agent from the rear of an avenue car going west, together with other passengers manifestly leaving that car, and that they were receiving transfer tickets from him, and he supposed this plaintiff to be one of that company,

and delivered this transfer ticket, to go on the Seventh street car, to him, as he did to the others, and the plaintiff took it without objection, and therefore it was the plaintiff's own negligence that led to this result.

The only question before us relates to certain instructions that were asked and refused.   At the trial, several instructions were granted at the instance of the plaintiff, and then the following were refused :

" That if the jury shall believe from the evidence that the plaintiff paid his fare on the Seventh street car, and on arriving at Pennsylvania avenue, the Pennsylvania avenue car of the defendant was then stopping at the crossing of the two lines (Pennsylvania avenue and Seventh street), and plaintiff, immediately on arriving at Pennsylvania avenue, went to the transfer ticket agent of said defendant, there stationed, and asked for and received a transfer ticket, and that then and there the transfer ticket agent gave him a transfer ticket ; that thereupon the plaintiff went immediately with said transfer ticket on board the said Pennsylvania avenue car, and after the car started, offered it, when called on in the usual way, to the conductor, who refused to receive it, but, together with the driver of the car, forcibly put plaintiff off the car, then they shall find for the plaintiff, even if they should also find that the transfer ticket agent had given plaintiff a wrong ticket, either intentionally or by mistake."

And again :

" That if the jury shall believe from the evidence that the ejection of the plaintiff from the Pennsylvania avenue car resulted from the slightest neglect or misconduct of the transfer ticket agent, or the conductor of the Pennsylvania avenue car, then they shall find for the plaintiff."

And again :

" That if the injury complained of could have been prevented by the exercise of ordinary care by defendant, the defendant is liable even if the plaintiff was at fault."

And again :

" That if the jury shall believe from the evidence that the

conduct of the defendant was wanton, then the negligence of plaintiff, even if proved, would be no defence."

These several instructions were refused in the form in which they were applied for, and an exception taken to each refusal. But in the final charge which the court gave to the jury, they were instructed as follows:

" That if they believed from the evidence that the agents of the defendant had made a mistake in giving to the plaintiff a transfer ticket, and instead of giving him a Pennsylvania avenue transfer, had given him a Seventh street transfer, the plaintiff was entitled to recover, and that in assessing the damages the plaintiff was entitled to have reasonable damages, compensatory for the treatment which he had received, and that the defendant company was bound to see to it that the plaintiff was provided with a proper transfer, and that if the mistake had been made, the responsibility therefor rested upon the company and not upon the plaintiff.

" And the court further instructed the jury that if, upon the other hand, they believed that the conduct of the agents of the company was wanton and malicious, and that they had purposely given him the wrong transfer, and that they had maliciously and wantonly ejected him from the car because of a personal dislike or animosity, that then the plaintiff was entitled to recover, and in assessing damages in that view of the case, the plaintiff was entitled to recover not only compensatory, but vindictive damages."

We are of opinion that the instruction given in the charge covered all the ground claimed by the plaintiff himself, and was all the instruction he was entitled to ask, and I believe that was virtually conceded by the counsel in argument.

But it is claimed on the part of the plaintiff, that the court is not to look at the charge given by the court below, but only at the instructions that were proposed, refused, and excepted to.

It is perfectly true that we do not revise for the purpose of correcting, as error, anything that is not excepted to below. But we are not looking at it in that view, but only

to ascertain whether, on the whole, the instruction given by the court below was correct. It was the practice of the late Chief Justice Taney, in his circuit, always to refuse all instructions prayed for by either party, and then to give the law in his own words. That is also the practice of other courts, and we consider it to be in the discretion of the court to reject all prayers and state the law in its own language. That was the practice pursued in this case to some extent. Some of the prayers of the plaintiff were granted, but the substance of those that were refused was given in this charge. It is a very common thing to except to a part of the charge, but the court must look at the whole charge, and if they see that, in the very next paragraph, an apparent error in one part is corrected, then no injury on the whole is done to the plaintiff or defendant, as the case may be. We consider it to be perfectly proper for the court to announce the law in its own language, and if it gives the law correctly, although it may have refused the instructions, asserting it in another shape than that asked by the counsel, there is nothing that can justify us in reversing the judgment and ordering a new trial, and that is precisely this case.

On the whole, we think the court instructed the jury very liberally, if not too liberally, in favor of the plaintiff, and we see no ground, therefore, for reversing the judgment below, which was for the defendant.